UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELGENE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HETERO LABS LIMITED, HETERO LABS LIMITED UNIT-V, HETERO DRUGS LIMITED, HETERO USA, INC., AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA USA, INC., AUROLIFE PHARMA LLC, EUGIA PHARMA SPECIALTIES LIMITED, APOTEX INC., APOTEX CORP., MYLAN PHARMACEUTICALS, INC., MYLAN INC., MYLAN, N.V., AND BRECKENRIDGE PHARMACEUTICAL, INC.,<br><br>Defendants. | C.A. No. 2:18-cv-03387-ES-MAH<br><br>**CORRECTED AND SUBSTITUTED STIPULATION AND ORDER** |
| CELGENE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MYLAN PHARMACEUTICALS, INC., MYLAN INC., MYLAN, N.V.<br><br>Defendants. | C.A. No. 2:18-cv-16035-ES-MAH |

Plaintiff Celgene Corporation ("Celgene") and Defendants Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan N.V. (collectively, "the Mylan Defendants"), by and through their undersigned counsel, hereby stipulate and agree as follows:

1

1.      On May 11, 2017, Celgene filed a Complaint against the Mylan Defendants.  ECF No. 1, Case No. 2:17-cv-03387-ES-MAH (the "First Case").

2.      On August 9, 2017, the Mylan Defendants moved to dismiss the Complaint for improper venue, failure to state a claim, and lack of subject matter jurisdiction (the "Motion to Dismiss").  ECF No. 56, Case No. 2:17-cv-03387-ES-MAH.

3.      On March 2, 2018, the Court issued an Order denying the Mylan Defendants' Motion to Dismiss without prejudice, permitting the parties to engage in venue-related discovery, and permitting the Mylan Defendants to renew their Motion to Dismiss following the conclusion of such venue-related discovery (the "March 2 Order").  ECF No. 151, Case No. 2:17-cv-03387-ES-MAH.

4.      On November 9, 2018, Celgene filed a Complaint against the Mylan Defendants alleging infringement of U.S. Patent No. 9,993,467.  ECF No. 1, Case No. 2:18-cv-16035-ES-MAH (the "Present Case").

5.      The Mylan Defendants' Motion to Dismiss (ECF No. 56, Case No. 2:17-cv-03387-ES-MAH), including any new or renewed Motion to Dismiss filed in the First Case, and all papers submitted in support thereof or opposition thereto including requests for relief, legal arguments, and factual submissions included therein shall be incorporated herein and deemed to have and treated as having been filed in the Present Case, and shall apply equally to the Present Case and the Complaint herein, as if originally set forth and asserted herein.

6.      The March 2 Order, a true and correct copy of which is attached hereto as Exhibit A, shall be deemed to have been and treated as having been filed in the Present Case and shall apply equally to the Present Case and the Complaint herein, as if originally set forth and asserted herein.

7. The Mylan Defendants shall not be required to file an additional Motion to Dismiss in the Present Case to preserve their challenges in this Case under Federal Rule of Civil Procedure 12(b)(3), 12(b)(1) and 12(b)(6) (as set forth in the Motion to Dismiss) (including but not limited to the filing of any appeal of the March 2 Order in the Present Case), and that such challenges shall not be waived or prejudiced by the Mylan Defendants' participation and/or their filing of any responsive pleading to the Complaint in the Present Case.

8. Celgene and the Mylan Defendants agree that final resolution of the Mylan Defendants' Motion to Dismiss (ECF No. 56, Case No. 2:17-cv-03387-ES-MAH), including any new or renewed Motion to Dismiss filed in the First Case, shall equally apply to the Present Case.

9. Any and all future filings and Orders of the Court concerning the Motion to Dismiss shall include the captions of and be filed in both the Earlier Case and the Present Case.

Dated: April 3, 2019

Respectfully submitted,

SAUL EWING ARNSTEIN & LEHR LLP

s/ Charles M. Lizza
Charles M. Lizza
William C. Baton
One Riverfront Plaza, Suite 1520
Newark, NJ  07102-5426
(973) 286-6700
Email: clizza@saul.com

Of Counsel:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
Marta A. Godecki
Brian J. Forsatz

SAIBER LLC

s/ Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
Monvan Hu (mhu@saiber.com)
One Gateway Center, 10th Floor, Suite 1000
Newark, New Jersey 07102
Telephone:  (973) 622-3333

Of Counsel:

Elham Firouzi Steiner (esteiner@wsgr.com)
Nathaniel R. Scharn (nscharn@wsgr.com)
Sarah A. Siedlak (ssiedlak@wsgr.com)
**WILSON SONSINI GOODRICH & ROSATI P.C.**
12235 El Camino Real
San Diego, California 92130
Telephone: (858) 350-2300

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York  10010<br>(212) 849-7000<br><br>Anthony M. Insogna<br>Cary Miller, Ph.D.<br>JONES DAY<br>4655 Executive Drive, Suite 1500<br>San Diego, CA  92121<br>(858) 314-1200<br><br>Matthew J. Hertko<br>JONES DAY<br>77 W. Wacker Drive, Suite 3500<br>Chicago, IL  60601<br>(312) 782-3939<br><br>*Attorneys for Plaintiff Celgene Corporation* | Tung-On Kong (tkong@wsgr.com)<br>Wendy L. Devine (wdevine@wsgr.com)<br>Kristina M. Hanson (thanson@wsgr.com)<br>**WILSON SONSINI GOODRICH & ROSATI P.C.**<br>One Market Street<br>Spear Tower, Suite 3300<br>San Francisco, CA  94105<br>Telephone: (415) 947-2000<br><br>*Attorneys for Defendants Mylan Pharmaceuticals Inc.,*<br>*Mylan Inc., and Mylan N.V.* |

IT SO ORDERED this _____ day of _____, 2019.

_____
**HON. MICHAEL A. HAMMER**
**UNITED STATES MAGISTRATE JUDGE**

4

# EXHIBIT A

**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **CELGENE CORPORATION,** | : | |
| Plaintiff, | : | Civil Action No. 17-3387 (ES) (MAH) |
| v. | : | ORDER |
| **HETERO LABS LIMITED, et al.,** | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Defendants Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan N.V.'s (collectively, "Mylan") motion to dismiss for improper venue, lack of subject-matter jurisdiction, and failure to state a claim under Federal Rules of Civil Procedure 12(b)(3), 12(b)(1), and 12(b)(6), respectively (D.E. No. 56); and the Court having considered the parties' submissions in support of and in opposition to Mylan's motion and having decided the matter without oral argument under Federal Rule of Civil Procedure 78(b); and for the reasons set forth in the Court's accompanying Memorandum and for other good cause shown;

IT IS on this 2nd day of March 2018,

**ORDERED** that Mylan's motion to dismiss for improper venue, lack of subject-matter jurisdiction, and failure to state a claim (D.E. No. 56) is DENIED *without prejudice*; and it is further

**ORDERED** that Plaintiff's request for venue-related discovery (D.E. No. 88 at 21-22) is GRANTED; and it is further

**ORDERED** that, within 14 days from the date of this Order, Celgene and Mylan shall jointly contact the Hon. Michael A. Hammer, U.S.M.J., to coordinate venue-related discovery; and it is further

**ORDERED** that Mylan may renew its motion to dismiss following the conclusion of venue-related discovery; and it is further

**ORDERED** that Magistrate Judge Hammer shall coordinate the briefing of any renewed motion to dismiss filed by Mylan following the conclusion of venue-related discovery; and it is further

**ORDERED** that the Clerk of Court shall TERMINATE docket entry number 56.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**