# Exhibit A

Filed Under Seal

Charles Lizza
William C. Baton
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
wbaton@saul.com

*Attorneys for Plaintiff*
*Celgene Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CELGENE CORPORATION,**<br><br>  Plaintiff,<br><br>v.<br><br>**PAR PHARMACEUTICAL, INC., PAR PHARMACEUTICAL COMPANIES, INC., and TEVA PHARMACEUTICALS USA, INC.,**<br><br>  Defendants. | **Civil Action No. 17-3159 (ES)(MAH)**<br><br>**HIGHLY CONFIDENTIAL PURSUANT TO L. PAT. R. 2.2** |
| **CELGENE CORPORATION,**<br><br>  Plaintiff,<br><br>v.<br><br>**HETERO LABS LIMITED, HETERO LABS LIMITED UNIT-V, HETERO DRUGS LIMITED, HETERO USA, INC., AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA USA, INC., AUROLIFE PHARMA LLC, EUGIA PHARMA SPECIALTIES LIMITED, APOTEX INC., APOTEX CORP., MYLAN PHARMACEUTICALS, INC., MYLAN INC., MYLAN, N.V., and BRECKENRIDGE PHARMACEUTICAL, INC.,**<br><br>  Defendants. | **Civil Action No. 17-3387 (ES)(MAH)**<br><br>**HIGHLY CONFIDENTIAL PURSUANT TO L. PAT. R. 2.2** |

1

**HIGHLY CONFIDENTIAL
PURSUANT TO L. PAT. R. 2.2**

**CELGENE'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-88)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Celgene Corporation ("Celgene") hereby objects and responds to Defendants' First Set of Requests for the Production of Documents and Things (Nos. 1-88) (each, an "RFP") as set forth below.

## GENERAL RESPONSES

1. Celgene's responses to Defendants' RFPs are made to the best of Celgene's present knowledge, information, and belief. These responses are at all times subject to such additional or different information that discovery or further investigation may disclose. Celgene reserves the right to make any use of, or to introduce at any hearing and trial, information and/or documents responsive to Defendants' RFPs but discovered subsequent to the date of these responses, including, but not limited to, any such information or documents obtained in discovery herein.

2. Celgene's statement that it "will produce" documents means that Celgene will produce any documents in its possession, custody, or control based upon a reasonable search, and does not constitute a representation that such documents exist.

3. Celgene's investigation into the potential existence of materials responsive to Defendants' RFPs is ongoing and, if found, Celgene reserves the right to withhold documents responsive to any of Defendants' RFPs on the basis of any of its general or specific objections.

4. Celgene reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever of Celgene's responses herein and any document or thing identified or provided in response to Defendants' RFPs.

2

HIGHLY CONFIDENTIAL
PURSUANT TO L. PAT. R. 2.2

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and things on which you intend to rely concerning the level of ordinary skill in the art pertinent to the alleged inventions of the patents-in-suit.

**RESPONSE TO REQUEST NO. 11:**

Celgene objects to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Celgene also objects to this request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Celgene outweighs any likely benefit to Defendants, including, but not limited to, the extent that it seeks information pertaining to any patents other than the POM-Patents-in-Suit or the REMS-Patents-in-Suit. Celgene also objects to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll Documents and things" regarding the requested subject matter. Celgene also objects to this request to the extent that it seeks expert testimony and/or a legal conclusion. Celgene also objects to this request to the extent that it is premature.

Subject to and without waiver of the foregoing general and specific objections and to the extent that Celgene understands the request, Celgene will conduct a reasonable search for and, if found, produce documents on which it intends to rely concerning the level of skill in the art for the POM-Patents-in-Suit and REMS-Patents-in-Suit. Celgene will not, however, reproduce materials that Defendants have already produced to Celgene. Celgene is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and things concerning the presence or absence of secondary considerations of non-obviousness of the alleged inventions claimed in the patents-in-suit, including without limitation, all Documents concerning alleged commercial success, including

16

**HIGHLY CONFIDENTIAL
PURSUANT TO L. PAT. R. 2.2**

all Documents and things relating to any nexus between the commercial success and the claims of the patents-in-suit, unexpected results, long-felt but unfulfilled need, attempts by others, failure of others, commercial acquiescence, licensing, recognition by others, awards, industry approval, copying, or laudatory or derogatory statements by others.

**RESPONSE TO REQUEST NO. 12:**

Celgene objects to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Celgene also objects to this request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Celgene outweighs any likely benefit to Defendants, including, but not limited to, the extent that it seeks information pertaining to any patents other than the POM-Patents-in-Suit or the REMS-Patents-in-Suit, and is directed to "[a]ll Documents and things" regarding the requested subject matter. Celgene also objects to the phrases "recognition by others" and "laudatory or derogatory statements by others" as vague and ambiguous. Celgene also objects to this request to the extent that it is premature and seeks expert testimony and/or a legal conclusion.

Subject to and without waiver of the foregoing general and specific objections, to the extent that Celgene understands the request, and to the extent that Celgene intends to rely on secondary considerations, Celgene will conduct a reasonable search for and, if found, produce documents concerning any secondary considerations of nonobviousness that Celgene intends to rely upon in connection with each asserted claim, and that are not protected from disclosure based on any applicable privilege or immunity. Celgene does not intend to produce any documents regarding secondary considerations of nonobviousness on which it does not intend to rely. Celgene is willing to meet and confer regarding this request.

**HIGHLY CONFIDENTIAL
PURSUANT TO L. PAT. R. 2.2**

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and things relating to each of Celgene's practice, policy or procedure for the retention of documents and/or classes or categories of documents, including, but not limited to, e-mail communications, spreadsheets, presentation materials, word processing materials and/or product development materials; and if applicable, all documents and things concerning these subjects for each division/unit/subgroup within Celgene for which there is a different practice, policy or procedure.

**RESPONSE TO REQUEST NO. 58:**

Celgene objects to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Celgene also objects to this request on the grounds that it seeks documents and information that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Celgene outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time and does not concern any disputed issues in the above-captioned cases. Celgene also objects to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll Documents and things" regarding the requested subject matter.

Celgene does not intend to produce any documents in response to this request as currently drafted. Celgene is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and things concerning any licensing agreement, any negotiations and preparation for negotiations that were conducted prior to entering into any license agreement, any offer to license, or solicitation of a license, involving the patents-in-suit and related patents, relating to any generic or authorized generic version of Pomalyst® .

**RESPONSE TO REQUEST NO. 59:**

Celgene objects to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by

**HIGHLY CONFIDENTIAL
PURSUANT TO L. PAT. R. 2.2**

law. Celgene also objects to this request on the grounds that it seeks documents and things that are not relevant to any claim or defense currently in this action and not proportional to the needs of the case, and because the burden and expense to Celgene outweighs any likely benefit to Defendants, including, but not limited to, the extent that it is unlimited in time, does not concern any disputed issues in the above-captioned cases, and seeks information concerning patents other than the POM-Patents-in-Suit or REMS-Patents-in-Suit. Celgene also objects to this request to the extent that it seeks discovery of any third party's confidential information. Celgene also objects to this request as overly broad and unduly burdensome to the extent that it is directed to "[a]ll Documents and things" regarding the requested subject matter. Celgene further objects to this request as duplicative of other requests. Celgene further objects to this request to the extent that it is directed to Defendants' undefined terms, including: "negotiations" and "preparation for negotiations."

Celgene does not intend to produce any documents in response to this request as currently drafted. Celgene is willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents and things that constitute, refer, or relate to any charge of infringement of any United States or foreign patent owned or licensed to Celgene relating to any pomalidomide product, a process for manufacturing any pomalidomide product, or a method of treatment embodying any pomalidomide product against any person, and all Documents and things received from others in response to any such charge, including, but not limited to, patents or other publications, prior art, validity analyses, offers to negotiate and negotiation materials, and the like.

**RESPONSE TO REQUEST NO. 60:**

Celgene objects to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity afforded by law. Celgene also objects to this request on the grounds that it seeks documents and things that

54

**HIGHLY CONFIDENTIAL
PURSUANT TO L. PAT. R. 2.2**

Celgene does not intend to produce any documents in response to this request as currently drafted. Celgene is willing to meet and confer regarding this request.

| | |
|---|---|
| Dated: January 16, 2018 | By:   s/ William C. Baton<br>Charles M. Lizza<br>William C. Baton |
| OF COUNSEL: | Sarah A. Sullivan<br>SAUL EWING ARNSTEIN & LEHR LLP |
| F. Dominic Cerrito<br>Eric C. Stops<br>Evangeline Shih<br>Andrew S. Chalson<br>Gabriel P. Brier | One Riverfront Plaza, Suite 1520<br>Newark, New Jersey 07102-5426<br>(973) 286-6700<br>clizza@saul.com |
| Frank C. Calvosa<br>Marta A. Godecki<br>Brian J. Forsatz<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000 | *Attorneys for Plaintiff*<br>*Celgene Corporation* |

Anthony M. Insogna
Cary Miller, Ph.D.
JONES DAY
4655 Executive Drive
Suite 1500
San Diego, CA 92121
(858) 314-1200

75

**HIGHLY CONFIDENTIAL**
**PURSUANT TO L. PAT. R. 2.2**