**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CELGENE CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>HETERO LABS LIMITED, HETERO LABS LIMITED UNIT-V, HETERO DRUGS LIMITED, HETERO USA, INC., AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA USA, INC., AUROLIFE PHARMA LLC, EUGIA PHARMA SPECIALTIES LIMITED, APOTEX INC., APOTEX CORP., MYLAN PHARMACEUTICALS, INC., MYLAN INC., MYLAN, N.V., BRECKENRIDGE PHARMACEUTICAL, INC., and TEVA PHARMACEUTICALS USA, INC.<br><br>        Defendants. | C.A. No. 17-3387 (ES)(MAH)<br><br>**CONSOLIDATED** |

**[PROPOSED] STIPULATED ORDER APPOINTING SPECIAL MASTER**

The Court, having determined that certain discovery issues between Plaintiff Celgene Corporation ("Plaintiff" or "Celgene") and Defendants Teva Pharmaceuticals USA, Inc. ("Teva"), Apotex Inc., Apotex Corp. (together, "Apotex"), Aurobindo Pharma Limited, Aurobindo Pharma USA, Inc., Aurolife Pharma LLC, Eugia Pharma Specialties Limited (collectively, "Aurobindo"), Breckenridge Pharmaceutical, Inc. ("Breckenridge"), Hetero Labs Limited, Hetero Labs Limited Unit-V, Hetero Drugs Limited, Hetero USA, Inc. (collectively, "Hetero"), Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan, N.V. (collectively, "the Mylan Defendants"), (Teva, Apotex, Aurobindo, Breckenridge, Hetero, and the Mylan Defendants, collectively, "Defendants")[1] in this case would be more effectively addressed by a Special

---

[1] The term "Party" used herein means Celgene and/or any Defendant.

Discovery Master, hereby appoints a Special Master pursuant to Fed. R. Civ. P. 53 ("Rule 53"), under the following terms:

1. The Court appoints former United States District Judge Faith Hochberg as Special Master to manage discovery disputes.

2. The Special Master shall have the following duties and responsibilities:

    a. To preside over, hear, supervise, regulate, and make recommendations to the Court regarding all pretrial discovery disputes in this case that arise after this Order is entered, subject to the Court's supervision; and

    b. To preside over, hear, supervise, regulate, and make recommendations to the Court regarding all pending pretrial discovery disputes in this case that have previously been briefed to Magistrate Judge Hammer.

3. With respect to potential future discovery disputes, within **[[Plaintiff's Position:** ten (10) business days/ **Defendants' Position:** three (3) business days**]]** of a Party giving written notice of a discovery dispute, the relevant Parties shall meet and confer at least once. If the relevant Parties have not resolved the discovery dispute within **[[Plaintiff's Position:** ten (10) business days/ **Defendants' Position:** five (5) business days**]]** of the first meet and confer, the relevant Parties will be deemed at an impasse. The Party from which the discovery is sought may also provide notice to the requesting Party before the **[[Plaintiff's Position:** ten (10) business days/ **Defendants' Position:** five (5) business days**]]** have run that an impasse exists.[2]

---

[2] **Plaintiff's Position:** This disagreement concerns the time periods for specified events in the discovery dispute process. In an effort to expedite dispute resolution, Celgene has proposed time periods that are equal to or shorter than the ordinary time periods commonly used in this District. Defendants have proposed unworkably short time periods that will place undue burden and prejudice on Celgene, especially given that there are six Defendants and only one Celgene. Defendants' only articulated justification for their unworkably short time periods was that fact discovery is scheduled to close in the near future. But despite Defendants' newfound rush, any delay in this action is solely attributed to Defendants' actions: (1) while Celgene noticed its Rule 30(b)(1) depositions over six months ago, Defendants have only produced 3 of the 36 noticed witnesses; (2) several Defendants continue to refuse to bring their witnesses to the United States, a dispute that is currently pending before the Court; (3) Defendants have not produced *any* Rule 30(b)(6) witnesses and are continuing to fight about scope of Rule 30(b)(6) testimony; (4) Celgene proposed dates in July for several depositions, but Defendants responded that the dates were "premature;" and (5) Defendants also rejected dates for witnesses in August

        4.        Upon the occurrence of an impasse (either at the end of **[[Plaintiff's Position:** ten (10) business days / **Defendants' Position:** five (5) business days**]]** from the first meet and confer pursuant to Paragraph 3 above, or earlier upon notice from the Party from whom discovery is sought), the relevant Parties shall submit letters to the Special Master. The procedure for filing such discovery letters shall be as follows:

        a.        The moving Party shall file its letter of no more than five (5) single-spaced pages within five (5) business days of the occurrence of an impasse.

---

and early September, those depositions will hopefully go forward in October. Thus, Celgene has consistently attempted to move this action along while Defendants delayed. Defendants' delays should not inure to Celgene's prejudice in the time periods before the Special Master.

Defendants' response is solely concerned with the close of fact discovery, but ignores that at least one of the Defendants has already proposed an extension of fact discovery to Celgene. Furthermore, the time Defendants propose would ensure that issues that could be mooted will unnecessarily be briefed to the Special Master. This will waste the resources of both the Special Master and the Parties. It would also be unduly burdensome and unfair to Celgene, especially under Defendants' proposal for splitting of costs.

**Defendants' Position:** Under Plaintiff's proposals in Paragraphs 3 and 4, discovery disputes would not be ripe for resolution by the Special Master for approximately two months from the point where notice of a discovery dispute is provided. That timeframe would significantly impact the deadlines for completion of discovery long ago set by the Court, which includes a fact discovery cutoff at the end of this month. Civ. No. 17-3387, ECF No. 323 (modifying ECF No. 290), and likely guarantee the need for preliminary injunction proceedings at the conclusion of the regulatory stay of approval next summer. Civ. No. 17-3387, ECF No. 109 at 18. Defendants' proposals are intended to keep this case on track and are in line with similar orders appointing Special Masters in this district. *See* Ex. 1 at ¶ 3 (requiring the parties to meet and confer within 3 business days of written notice of a discovery dispute and to declare an impasse within 5 business days after the meet and confer). Defendants' proposal would ensure that of discovery disputes are resolved efficiently, which is a primary motivation for the appointment of a Special Master. Celgene complains that Defendants' shorter timeframes would hurt it because "there are six Defendants and only one Celgene," but those shorter timeframes are actually much harder on Defendants since they must get six independent parties on the same page during those timeframes.

Defendants deny Celgene's above accusation regarding delay. Celgene has persistently sought to delay trial of this case and its needlessly long proposed timeframes are consistent with that pattern of delay. Regardless of who bears responsibility for past delay, Defendants ask the Court to ensure that all discovery disputes, including currently pending discovery disputes, are resolved promptly, and thus ask the Court to adopt the above shorter timeframes which provide all parties with sufficient time for briefing while also ensuring that all discovery disputes, including currently pending discovery disputes, are resolved promptly.

      b.      The responding Party shall file its responsive letter of no more than five (5) single-spaced pages within **[[Plaintiff's Position:** ten (10) business days/ **Defendants' Position:** five (5) business days**]]** of the initial discovery letter being filed.[3]

      c.      **[[Plaintiff's Position:** The moving Party shall file its reply letter of no more than three (3) single-spaced pages within five (5) business days of the responsive letter being filed. / **Defendants' Position:** Reply papers are permitted only at the discretion of the Special Master.**]]**[4]

      d.      All letters shall be filed with the Court and emailed to the Special Master by 6 p.m. eastern time the day they are due.

      e.      The schedule for briefing discovery disputes may be modified by either agreement of the Parties or at the direction of the Special Master.

5.      For especially complex or important issues, the moving Party or the responding Party may ask the Special Discovery Master for leave for the parties to submit full briefs on the issue, and the Special Discovery Master will then decide whether full briefing is appropriate, and if so, will establish the briefing schedule and page limits for such briefs.

---

[3] *See* Footnote 2, *supra*.

[4] **Plaintiff's Position:** Celgene's position is that: (1) replies are normal practice for discovery disputes in this District; (2) the parties have included reply papers for every discovery dispute briefed in this case to date; and (3) Defendants' only articulated basis to oppose replies for disputes before the Special Master was their newfound concern regarding timing.

Defendants' objection is that replies would "cause the parties and the Court to lose time that none can afford." This argument is belied by Defendants' actions throughout this case. *See* FN 2 *supra*. Defendants apparently intend to use the lack of relies to sandbag at hearings before the Special Master by arguing that "any supplemental argument can be made then." This is also improper and supports the need for replies.

**Defendants' Position:** Reply papers should be permitted only at the discretion of the Special Master (as provided in Paragraph 6, *infra*). For example, if the Special Master intends to hold a hearing, then any supplemental argument can be made then. Defendants are concerned that an automatic right to a reply letter would further delay the resolution of discovery disputes and, as discussed in Footnote 2, *supra*, cause the parties and the Court to lose time that none can afford. Further, past orders appointing Special Masters have not allowed replies. *See* Ex. 1 at ¶ 4(c).

6. The provisions of Paragraphs 4-5 of this Order shall apply to all potential discovery disputes that arise after the date of this Order.  No further briefing for pending discovery disputes that are fully briefed shall be allowed unless requested by the Special Master, and the Parties agree that such fully briefed pending disputes are ripe for resolution by the Special Master.

7. The Special Master shall exercise all reasonable diligence in performing these duties, and shall take all appropriate measures to perform her assigned duties fairly and efficiently.

8. For all potential discovery disputes that arise after the date of this Order that are subject to Paragraph 3-5 of this Order, the Parties request that the Special Master hold a teleconference with the relevant Parties [[**Plaintiff's Position:** as soon as practicable after receiving the reply letter / **Defendants' Position:** within two (2) business days after receiving the responsive letter, or as soon as practicable thereafter]]. The Parties agree that the Special Master may issue her ruling verbally during the teleconference. Otherwise, the Special Master may issue a written decision of the discovery dispute.  The Parties request that the Special Master issue any written decision [[**Plaintiff's Position:** as soon as practicable after the teleconference / **Defendants' Position:** within three (3) business days after the teleconference, or as soon as practicable thereafter]].  For all discovery disputes pending and fully briefed as of the date of this Order, the Parties request that the Special Master hold one or more teleconference(s) with the relevant Parties as soon as practicable, and agree that the Special Master may issue her ruling verbally during the teleconference. Otherwise, the Special Master may issue a written decision of the discovery dispute.  The Parties request that the Special Master issue any written decision [[**Plaintiff's Position:** as soon as practicable after the teleconference / **Defendants' Position:** within three (3) business days after the teleconference, or as soon as practicable thereafter]].[5]

---

[5] **Plaintiff's Position**: The dispute in Paragraph 8 concerns the timing for the Special Master to adjudicate discovery disputes.  Celgene proposes that the Special Master act as quickly as practicable while Defendants seek to add in a specified number of days.  Celgene believes that it

9. If a Party wishes to object to the Special Master's ruling, it must give notice of its objection, in writing, within **[[Plaintiff's Position:** five (5) business days **/ Defendants' Position:** three (3) business days**]]** of the Special Master's ruling. The notice of objection must be filed by 6 p.m. the day it is due.[6]

10. The objecting Party must file its objection **[[Plaintiff's Position:** five (5) business days **/ Defendants' Position:** four (4) business days**]]** after providing notice of its objection. The objection must be filed by 6 p.m. the day it is due.[7]

11. The non-objecting Party's response, if any, to an objection must be filed within **[[Plaintiff's Position:** five (5) business days **/ Defendants' Position:** four (4) business days**]]** after the objection to the Special Master's ruling is filed. **[[Plaintiff's Position:** The objecting Party shall file its reply within five (5) business days of the non-objecting Party's response, if any, being filed. **/ Defendants' Position:** No reply will be permitted.**]]**[8]

---

is unnecessary and presumptuous to insert a specified number of days for the Special Master to act.

**Defendants' Position:** Defendants' proposed language is intended to convey to the Special Master that time is of the essence under the current circumstances. In addition, Defendants' proposed language recognizes that the Special Master may need additional time and provides the Special Master with discretion to take that additional time where needed, as has been done in other orders appointing Special Masters. *See* Ex. 1 at ¶ 7.

[6] **Plaintiff's Position:** See FN 2. Additionally, Celgene's consent to use of a Special Master is premised on the ability to appeal those decisions to Magistrate Judge Hammer. Celgene's proposal, which differs from Defendants by only days, ensures that adequate time is provided to consider and prepare any appropriate objections.

**Defendants' Position:** Plaintiff's proposed timeline for any objections is too long and does not adequately address the needs of this case, including need for prompt resolution of discovery disputes and the need to avoid preliminary injunction practice. Defendants' proposed timeline for objections will aid in the speedy resolution of the Parties' discovery disputes and are in line with previous Orders electing Special Masters. Additionally, *see* Footnote 2, *supra*.

[7] *See* Footnotes 2 and 6, *supra*.

[8] *See* Footnotes 2 and 6, *supra*.

12. If no notice of objection is filed within **[[Plaintiff's Position:** five (5) business days / **Defendants' Position:** three (3) business days**]]** of the Special Master's ruling, the ruling is deemed adopted in full.[9]

13. Magistrate Judge Hammer shall review all objections to the Special Master's rulings under Fed. R. Civ. P. 53. The Special Master's findings of fact shall be reviewed de novo under Fed. R. Civ. P. 53(f)(3). Questions of law shall be reviewed de novo pursuant to Fed. R. Civ. P. 53(f)(4). Rulings on procedural matters shall be reviewed for an abuse of discretion pursuant to Fed. R. Civ. P. 53(f)(5). With respect to pending and future fact discovery disputes subject to this Order only, pursuant to 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73, the parties hereby consent to referral of said disputes to Magistrate Judge Hammer, and further consent to the designation of Magistrate Judge Hammer to conduct proceedings involving said disputes and to have plenary authority to resolve such disputes, including the authority to issue final rulings on said disputes. Pursuant to 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73, this Court hereby specially designates Magistrate Judge Hammer to exercise jurisdiction over, and to have plenary authority to resolve, said disputes. The parties do not consent to referral of any other proceedings in this action under to 28 U.S.C. § 636(c)(1) and/or Fed. R. Civ. P. 73 to Magistrate Judge Hammer, including trial. A ruling on a fact discovery dispute by Magistrate Judge Hammer, or by the Special Master that is adopted by Magistrate Judge Hammer, shall constitute a decision of the Court for purposes of appeal to the U.S. Court of Appeals for the Federal Circuit.

14. All proceedings before the Special Master shall be recorded and/or transcribed. **[[Plaintiff's Position:** The costs of the court reporter and transcript shall be split equally between all relevant Parties involved in the discovery dispute. For example, if the discovery dispute involves all Defendants and Celgene, each Party shall pay 1/7th the costs of the court reporter and transcript. As another example, if the discovery dispute involves only one

---

[9] *See* Footnotes 2 and 6, *supra*.

Defendant and Celgene, that one Defendant and Celgene shall each pay 1/2 the costs of the court reporter and transcript. Any ruling on a discovery dispute shall only be applicable to the relevant Parties involved in the dispute. / **Defendants' Position:** Celgene and Defendants shall each pay 50% of the costs of the court reporter and transcript.**]]**[10]

15. The Special Master shall not communicate ex parte with any Party or its counsel. The Special Master may, however, communicate with the Court ex parte.

16. The Special Master shall preserve all of her files and records in connection with this case until the case is resolved, including any actual or potential appeals. The Special Master shall be required to file the following materials with the Court: (1) any transcripts that contain

---

[10] **Plaintiff's Position**: The disagreement here concerns the split of costs associated with the Special Master. Celgene's position is that there are seven parties so the common costs should be split seven ways. Costs that concern fewer than all parties should be split among the involved parties. Here, each of the Defendants have filed their own ANDAs seeking approval to market a generic version of Celgene's Pomalyst® drug product prior to the expiration of Celgene's patents-in-suit. Each Defendant in this case is a sophisticated generic pharmaceutical company with sufficient means to bear an equal division of costs. It therefore only makes sense that the costs are split seven ways, rather than having Celgene bear a disproportionate amount that will only encourage more motion practice from Defendants. Note that Celgene is only seeking to split costs with each Defendant group, not each individual Defendant. (for example, Apotex Inc. and Apotex Corp. will count as one Defendant for the purpose of the costs division.)

**Defendants' Position:** Any disputes submitted to the Special Master will be bilateral – *i.e.*, there will be two sides to the dispute. Thus, all fees and costs should be split 50/50 between the two sides. For example, if there is a dispute between Plaintiff and all Defendants, the presence of multiple defendants on one side of the dispute will not cause the Special Master to spend more time resolving the bilateral dispute at hand. Among other reasons: all Defendants would submit a single brief and Celgene would submit one brief; and all Defendants would coordinate with respect to any argument. Thus, a 50/50 split between the two sides is equitable and fair. Further, splitting costs evenly between the sides is in line with previous Orders appointing Special Masters in this district. *See* Ex. 1 at ¶ 12. On the other hand, Plaintiff's proposal assumes incorrectly that every Defendant in the above scenario would submit a separate brief and cause the Special Master to spend equal time on each specific Defendant. No such circumstances have occurred in any discovery dispute in this action thus far, nor are any reasonably expected to occur.

Additionally, Celgene's proposal that a "ruling on a discovery dispute shall only be applicable to the relevant Parties involved" would be unworkable, leading to duplication of resources in re-deciding discovery disputes. Any ruling should resolve the issue and become law of the case, regardless of the parties involved in filing that dispute.

her rulings, (2) orders entered setting forth her rulings, and (3) any opinions prepared supporting her rulings.

17. If a dispute arises at a deposition, then the relevant Parties may contact the Special Master during the deposition for a ruling.

18. The Special Master may have access to trade secrets, proprietary information, or other confidential information in this action including, but not limited to, information that may be subject to the Discovery Confidentiality Order [Dkt. No. 152]. The Special Master and other persons assisting her shall preserve and protect the confidentiality of all such information in accordance with the terms of the Discovery Confidentiality Order and, if required to file any orders, findings, opinions or other materials that contain or make reference to any such information including, but not limited to, information designated as "HIGHLY CONFIDENTIAL," she shall file the same under seal.

19. **[[Plaintiff's Position:** The costs of the Special Master, including the fees for her time spent and her reasonable expenses incurred in connection with this assignment, will be divided as set forth above in Paragraph 14. / **Defendants' Position:** Celgene and Defendants shall each bear 50% of the costs of the Special Master, including the fees for her time spent and her reasonable expenses incurred in connection with this assignment. Only the Defendant or Defendants involved in a particular dispute will bear the costs associated with that dispute, including time spent by the Special Master and any court reporter costs.**]]**[11] In accordance with Federal Rule of Civil Procedure 53(a)(3), the Court will protect against unreasonable expense by implementing the following procedures:

    a. Each month the Special Master shall file with the Court and serve upon the Parties a record of activities and expenses incurred in connection with this case, with the Special Master's costs broken down by dispute to facilitate the allocation of the costs to each Party pursuant to Paragraph 19; and

---

[11] *See* Footnote 10, *supra*.

    b.  The Court will monitor the Special Master's monthly reports for reasonableness in light of burden and expense to the Parties.

  20.  Celgene and Defendants shall abide by Judge Faith Hochberg's fee schedule.

  21.  This Order of appointment shall not be binding on the Parties and shall have no effect in this case until the Special Master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455 and, if a ground is disclosed, the Parties, with the Court's approval, have waived the disqualification.

It is **SO ORDERED** this ___ day of August, 2019.

                      _____
                      Honorable Esther Salas
                      United States District Judge

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: CERTAIN CONSOLIDATED ZOLEDRONIC ACID CASES | Consolidated Civil Action No. 12-03967 (SDW) (SCM)<br><br>[Consolidated with Civil Action Nos. 12-cv-04393, 13-cv-01028, 13-cv-02379, 13-cv-4669, 13-cv-5125, 13-cv-6835, 13-cv-7914 and 14-cv-18411] |

## STIPULATED [PROPOSED] ORDER APPOINTING SPECIAL MASTER

The Court, having determined certain discovery issues in this case would be more effectively addressed by a Special Discovery Master, hereby appoints a Special Master pursuant to Fed. R. Civ. P. 53 ("Rule 53") and the Court's March 1, 2015 Order, under the following terms:

1. The Court appoints former Chief Judge Garrett E. Brown as Special Master to manage discovery disputes.

2. The Special Master shall have the following duties and responsibilities:

    a. To preside over, hear, supervise, regulate, and make recommendations to the Court regarding all pretrial discovery disputes in this case that arise after this Order is entered, subject to the Court's supervision and the Court's March 1, 2015 Order [Dkt. No. 567] and

    b. To preside over, hear, supervise, regulate, and make recommendations to the Court regarding pretrial discovery disputes in this case that have previously been briefed to Magistrate Judge Mannion, to the extent that the parties agree that the

- 2 -

Special Master should address such issues, subject to the Court's supervision and the Court's March 1, 2015 Order [Dkt. No. 567]

3. Within 3 days of a party giving written notice of a discovery dispute, the parties shall meet and confer at least once. If the parties have not resolved the discovery dispute within 5 business days of the first meet and confer, the parties will be deemed at an impasse. One party may also provide notice to the other before the 5 business days have run that an impasse exists.

4. Upon notice of an impasse, the parties shall submit letters to the Special Master of no more than 3 single-spaced pages per issue. The procedure for filing such discovery letters shall be as follows:

    a. The moving party must file its letter within 3 business days of an impasse.
    b. The responding party shall file its responsive letter within 3 business days of the initial discovery letter being filed.
    c. No reply letters are permitted.
    d. All letters shall be filed with the Court by 6PM eastern time the day they are due.
    e. The schedule for briefing discovery disputes may be modified by either agreement of the parties or at the direction of the Special Master.

5. For especially complex or important issues, the moving party shall have the option of submitting a full brief along with or in lieu of its letter to the Special Master. The procedure for filing such briefs shall be as follows:

    a. The parties shall meet and confer on page limits for the briefs and the briefing schedule for such a dispute.

  b. The responding party shall have the right to submit a brief in lieu of a letter.

6. The Special Master shall exercise all reasonable diligence in performing these duties, and shall take all appropriate measures to perform his assigned duties fairly and efficiently.

7. The Special Master shall hold a teleconference with the relevant parties within 2 business days after receiving the responsive letter, or as soon as practicable thereafter. The Special Master may issue his ruling verbally during the teleconference. Otherwise, the Special Master shall issue a written decision of the discovery dispute within 2 business days after the teleconference, or as soon as practicable thereafter.

8. If a party wishes to object to the Special Master's ruling, it must give notice of its objection, in writing, within 3 business days of the Special Master's ruling. The notice of objection must be filed by 6 pm the day it is due.

9. The objecting party must file its objection 4 business days after providing notice of its objection. The objection must be filed by 6 pm the day it is due.

10. If no notice of objection is filed within 3 business days of the Special Master's ruling, the ruling is deemed adopted in full.

11. Judge Wigenton shall review all objections to the Special Master's rulings under Fed. R. Civ. P. 53. The Special Master's findings of fact shall be reviewed for "clear error" under Fed. R. Civ. P. 53(f)(3)(A). Questions of law shall be reviewed *de novo* pursuant to Fed. R. Civ. P. 53(f).

12. All proceedings before the Special Master shall be recorded and/or transcribed. Novartis and defendants shall each pay 50% of the costs of the court reporter and transcript.

13. The Special Master shall not communicate *ex parte* with the parties or their counsel. The Special Master may, however, communicate with the Court *ex parte*.

14. The Special Master shall preserve all of his files and records in connection with this case until the case is resolved, including any actual or potential appeals. The Special Master shall be required to file the following materials with the Court: (1) any transcripts that contain his rulings, (2) orders entered setting forth his rulings, and (3) any opinions prepared supporting his rulings.

15. The Special Master shall also enforce the provisions of Paragraph 4 of the Court's January 14, 2015 Order [Dkt. No. 531] barring objections to questions posed at deposition other than as to lack of foundation, form, or privilege and instructions not to answer unless privilege is implicated. If a dispute regarding those provisions arises at a deposition, then the parties may contact the Special Master during the deposition for a ruling.

16. The Special Master may have access to trade secrets, proprietary information, or other confidential information in this action including, but not limited to, information that may be subject to the Discovery Confidentiality Order [Dkt. No. 163]. The Special Master and other persons assisting him shall preserve and protect the confidentiality of all such information in accordance with the terms of the Discovery Confidentiality Order and, if required to file any orders, findings, opinions or other materials that contain or make reference to any such information including, but not limited to, information designated as "Confidential—Attorney's Eyes Only—Subject to Confidentiality Order," he shall file the same under seal.

17. Novartis and Defendants shall each bear 50% of the costs of the Special Master, including the fees for his time spent and his reasonable expenses incurred in connection with this assignment. In accordance with Federal Rule of Civil Procedure 53(a)(3), the Court will protect against unreasonable expense by implementing the following procedures:

   a. Each month the Special Master shall file with the Court and serve upon the parties a record of activities and expenses incurred in connection with this case; and

   b. The Court will monitor the Special Master's monthly reports for reasonableness in light of burden and expense to both parties.

18. Novartis and Defendants shall abide by the Chief Judge Garrett E. Brown's fee schedule and cancellation policy attached as Exhibit A.

19. This Order of appointment shall not be binding on the parties and shall have no effect in this case until the Special Master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455 and, if a ground is disclosed, the parties, with the Court's approval, have waived the disqualification.

It is **SO ORDERED** this 30th day of March, 2015.

_____
Honorable Susan D. Wigenton
United States District Judge