**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CELGENE CORPORATION, | : | |
| | : | |
| Plaintiffs, | : | Civ. Action No. 17-3387 (ES)(MAH) |
| | : | |
| -v- | : | CONSOLIDATED WITH: |
| | : | 17-3159 (ES)(MAH) |
| HETERO LABS LIMITED; HETERO | : | 18-13715 (ES)(MAH) |
| LABS LIMITED UNIT-V; HETERO | : | 19-143 (ES)(MAH) |
| DRUGS LIMITED; HETERO USA, INC.; | : | 18-16035 (ES)(MAH) |
| AUROBINDO PHARMA LIMITED; | : | 18-14111 (ES)(MAH) |
| AUROBINDO PHARMA USA, INC.; | : | 18-14366 (ES)(MAH) |
| AUROLIFE PHARMA LLC; EUGIA | : | 18-16395 (ES)(MAH) |
| PHARMA SPECIALTIES LIMITED; | : | |
| APOTEX INC.; APOTEX CORP.; | : | |
| MYLAN PHARMACEUTICALS, INC.; | : | |
| MYLAN INC.; MYLAN, N.V.; | : | |
| BRECKENRIDGE PHARMACEUTICAL, | : | |
| INC.; TEVA PHARMACEUTICALS | : | |
| USA, INC., | | **ORDER APPOINTING** |
| EAST, SEIU et al., | : | **SPECIAL DISCOVERY MASTER** |
| | : | |
| Defendants. | : | |

_____

This matter having come before the Court by way of a series of written-discovery disputes between the parties in this matter;

and it appearing that although the parties have met and conferred on numerous occasions pursuant to Fed. R. Civ. P. 37 and L. Civ. R. 37.1 to resolve these disputes, multiple disputes remain;

and the parties having submitted extensive legal memoranda and exhibits regarding the discovery disputes, *see, e.g.*, Joint Letter, Apr. 22, 2019, D.E. 340, Letter from Apotex Corp., June 19, 2019, D.E. 362; Letter from Celgene Corp., July 11, 2019, D.E. 377; Letter from Apotex Corp., July 17, 2019, D.E. 390; Letter from Apotex Corp., Aug. 1, 2019, D.E. 418; Letter

from Celgene Corp., July 8, 2019, D.E. 371; Letter from Apotex Corp., July 23, 2019, D.E. 397; Letter from Celgene Corp., Aug. 8, 2019, D.E. 426; Letter from Hetero Labs Ltd., July 18, 2019, D.E. 395; Letter from Celgene Corp., July 10, 2019, D.E. 374; Letter from Celgene Corp., July 18, 2019, D.E. 393; Letter from Celgene Corp., July 25, 2019, D.E. 405; Letter from Celgene Corp., Aug. 8, 2019, D.E. 426; Letter from Synthon, Aug. 12, 2019, D.E. 429; Letter from Apotex Inc., Aug. 12, 2019, D.E. 432;

and the Court having held a series of conferences with the parties on certain of the discovery issues;

and the Court having held a telephone conference with the parties on August 2, 2019 concerning the appointment of a Special Discovery Master;

and the Court having considered the parties' proposed form of Order for the appointment of a Special Discovery Master, and the disputes between the parties concerning particular aspects of the terms of the appointment, *see* Proposed Stipulated Order Appointing Special Discovery Master, Aug, 12, 2019, D.E. 431-1;

and the Court, for the reasons set forth on the record on August 2, 2019, having concluded that appointment of a Special Discovery Master is appropriate to address the complicated and voluminous discovery disputes between the parties, which include the disputes embodied in the parties' letters set forth above;

and the Court having considered the "fairness of imposing the likely expenses on the parties" and the need to "protect against unreasonable expense or delay" under Fed. R. Civ. P. 53(a)(3);

and the parties having been afforded an opportunity to consider, and be heard on, the appointment of former United States District Judge Faith S. Hochberg to be the Special

Discovery Master, and to be heard on issues relating to allocation of fees and expenses, the ability to appeal rulings of the Special Discovery Master, and related issues, by way of the August 2, 2019 conference and in their August 12, 2019 submission to the Court, D.E. 431-1;

and former United States District Judge Faith S. Hochberg having filed, on August 12, 2019, a Declaration under 28 U.S.C. § 455 and Fed. R. Civ. P. 53(a)(2), see Declaration of Faith S. Hochberg, Aug. 12, 2019, D.E. 428;[1]

and for good cause shown;

IT IS on this 9th day of September 2019,

ORDERED:

1. Faith S. Hochberg is appointed under Federal Rule of Civil Procedure 53 as Special Discovery Master for the purpose of addressing and making recommendations to the Court regarding: (1) pretrial discovery disputes that have previously been briefed to the Undersigned; and (2) pretrial discovery disputes that may arise after entry of this Order, and that the Court may refer to her. The Special Discovery Master shall be disqualified as a witness in any pending or subsequent litigation concerning the dispute that is the subject of this referral.

2. The Special Discovery Master shall have the rights, powers, and duties provided in Fed. R. Civ. P. 53, and may adopt such procedures as are not inconsistent with that rule or with this or other Orders of the Court.

3. For discovery disputes that have previously been briefed to the Undersigned:

---

[1] If any party becomes aware of any apparent, potential, or actual conflict of interest, they shall immediately notify the Court and Special Discovery Master.

a. Unless directed otherwise by the Special Discovery Master or the Court, the parties shall, within ten days of this Order, provide the Special Discovery Master with unredacted copies of: (1) the pleadings in each of the consolidated matters; and (2) the discovery-dispute letters submitted to the Court. Apart from the April 22, 2019 joint letter [D.E. 340], the parties shall organize the discovery-dispute letters in binders, such that each binder contains a discovery dispute, labeled so that it is clear in which case and docket number the dispute has arisen. Additionally, the parties shall submit a master Redfern Schedule, by date filed, of all existing disputes to the Special Discovery Master. The Redfern Schedule also shall identify the most time-sensitive matters, indicating why those matters should be adjudicated before other matters, and shall state in short bullet form the parties' respective positions in the dispute in adjacent columns on the Redfern Schedule.

b. Thereafter, the parties shall submit to the Special Discovery Master such other materials as requested by the Special Discovery Master. The Special Discovery Master shall create a record of proceedings, take testimony, or obtain submissions, and impose whatever procedures she deems appropriate. No motions pertaining to discovery or issues before the Special Discovery Master may be filed without permission of the Court.

c. No party shall submit additional memoranda or briefing except at the request of, with leave of, the Special Discovery Master.

d. It is within the discretion of the Special Discovery Master to hold such in-person conferences or telephone conferences as she deems appropriate, and to

issue rulings either verbally during such conferences, or in a written opinion or speaking order.

4. For discovery disputes that arise after entry of this Order:

a. Within five business days of a party giving notice of a written discovery dispute, the relevant parties shall meet and confer at least once. If the relevant parties have not resolved the dispute within five days of the first meet and confer, or upon earlier notice from the party from whom the discovery is sought that no accommodation is possible, the parties are deemed to have arrived at an impasse. In the event of an impasse, the parties shall submit letters to the Special Discovery Master as follows:

1. The moving party shall file its letter (not to exceed five single-spaced pages) within five days of the occurrence of an impasse. If the letter presents multiple discovery disputes, the letter shall have numbered paragraphs for each disputed item. The letter shall also inform the Special Discovery Master of the urgency of the dispute, and whether any ongoing discovery must await resolution of the instant dispute.

2. The responding party shall file its letter (not to exceed five single-spaced pages) within five business days of receipt of the initial letter. The letter shall address each disputed item following the same numbered-paragraph protocol used in the initial letter. The letter shall also inform the Special Discovery Master of the urgency of the dispute, and whether any ongoing discovery must await resolution of the instant dispute.

        3.        No party shall file a reply letter without leave of the Special Discovery Master.

        4.        All letters shall be emailed to the Special Discovery Master, with copies to Daniela Thomas at daniela@judgehochberg.com and Hanna Cohen at hgcohen@kblit.com.

        5.        The Special Discovery Master may, within the exercise of her discretion, require the litigants to submit a Redfern Schedule summarizing their respective positions on the disputed items.

        6.        The schedule for briefing discovery disputes may be modified either by agreement of the parties and the Special Discovery Master, or at the direction of the Special Discovery Master.

        7.        It is within the discretion of the Special Discovery Master to hold such in-person conferences or telephone conferences as she deems appropriate, and to issue rulings either verbally during such conferences, or in a written opinion.

b.        For especially complex or important issues, the moving party or the responding party may ask the Special Discovery Master for leave for the parties to submit full briefs.  The Special Discovery Master will then decide whether full briefing is appropriate and the schedule and page limits that shall apply.

5.        All proceedings before the Special Discovery Master shall be recorded and/or transcribed.  It shall be the responsibility of the parties to provide the court reporter.  The costs of the court reporter and transcript shall be split equally between the Plaintiff, on one hand, and the Defendants, on the other hand.  It shall

        be the responsibility of the parties to arrange for the attendance of, and to promptly pay, the court reporter. It also shall be the responsibility of the parties to arrange for any transcript to be sent to the Special Discovery Master and her law associate, in electronic and hard copy.

6. The Special Discovery Master shall make findings of fact and conclusions of law with respect to the matters presented by the parties, and shall report same to the Court pursuant to Federal Rule of Civil Procedure 53(f), as soon as practicable. Unless directed by the Court or believed advisable by the Special Discovery Master, the report shall not be accompanied by a transcript of the proceedings, the evidence, or the exhibits. Such parts of the report, if any, that may be privileged or protected by the work product rule shall be filed under seal pending further Order of the Court and a redacted version of the report shall be submitted to the parties and filed on the public docket, with an appropriate motion to seal under Local Civil Rule 5.3, as stated more fully in paragraph 9, below.

7. The Special Discovery Master shall preserve all of her rulings and any memoranda of oral rulings, until these cases are resolved, including any actual or potential appeals. It is the responsibility of the parties to preserve all briefs, memoranda, exhibits, and transcripts, and to submit them to the Court if necessary. Specifically, if any party files an objection to a ruling by the Special Discovery Master with this Court, it shall be that party's responsibility to file any pertinent transcript, exhibit, or otherwise.

8. If a dispute arises at a deposition, the relevant parties may contact the Court during the deposition for a ruling, consistent with paragraph 5 of the Scheduling Order.

9. The Special Discovery Master may have access to trade secrets, proprietary information, or other confidential information in this action, including, but not limited to, information that may be subject to the Discovery Confidentiality Order [D.E. 152]. The Special Discovery Master and other persons assisting her shall preserve and protect the confidentiality of all such information in accordance with the terms of the Discovery Confidentiality Order and, if required to file any orders, findings, opinions or other materials that contain or reference any such information (including information designated as "Highly Confidential"), the Special Discovery Master shall file same under seal.

   a. The parties shall inform the Special Discovery Master, in bold highlighted type atop the first page of any submission, if the materials therein are confidential and whether any resulting ruling should be filed under seal.

10. Pursuant to 28 U.S.C. § 636(c), the parties have agreed and stipulated that with respect to any fact discovery disputes, including but not limited to any and all objections to the Special Discovery Master's rulings under Federal Rule of Civil Procedure 53, the Undersigned shall have "plenary authority to resolve such fact discovery disputes, including the authority to enter a final order on any such disputes." *See* Notice, Consent, and Reference of Discovery Disputes to a Magistrate Judge, Aug. 16, 2019, D.E. 435-1; Reference Order, Sept. 3, 2019, D.E. 442. Pursuant to Rule 53(f)(3), the Special Discovery Master's findings of

fact will be reviewed de novo. Pursuant to Rule 53(f)(4), the Special Discovery Master's rulings on questions of law will be reviewed de novo. Rulings on procedural matters will be reviewed for abuse of discretion pursuant to Rule 53(f)(5). The parties have agreed that a ruling on a fact discovery dispute by the Undersigned, or a ruling on a discovery dispute by the Special Discovery Master that is then reviewed and ruled upon by the Undersigned, shall constitute a decision of the Court for purposes of appeal to the United States Court of Appeals for the Federal Circuit. See Proposed Stipulated Order Appointing Special Master, Aug. 12, 2019, D.E. 431-1, at ¶13.

11. The procedure for objecting to a ruling by the Special Discovery Master shall be as follows:

a. A party that wishes to object to the Special Discovery Master's ruling shall give notice of its objection, in writing, within five business days of the ruling. The notice of objection shall be filed not later than 6:00 p.m. on the date it is due.

b. The objecting party must file its objection five business days after providing notice of the objection. The objection shall be filed not later than 6:00 p.m. on the date it is due.

c. The non-objecting party's response, if any, to an objection must be filed within five business days after the objection to the Special Discovery Master's ruling is filed.

d. Reply submissions may be filed only with leave of the Court.

   e. If no notice of objection is filed within five business days of the Special Discovery Master's ruling, the right to object is waived and the Special Discovery Master's ruling is deemed adopted in full.

12. Compensation shall be paid to the Special Discovery Master at a rate not to exceed $1200.00 per hour. The Special Discovery Master may employ an associate attorney and paralegal to assist her. The rate for the associate attorney shall not exceed $475 per hour. Such persons shall be under the supervision and control of the Special Discovery Master, who shall take appropriate action to ensure that such persons preserve the confidentiality of matters submitted to the Special Discovery Master for review.

13. The compensation for the Special Discovery Master and any associate attorney shall be split evenly between, on the one hand, the plaintiffs, and on the other hand, the defendants, and shall be the responsibility of the parties and not the law firms representing them.[2] The costs of the Special Discovery Master shall include the fees for her and the associate attorney's time spent on the case and reasonable expenses incurred in connection with this assignment. The Special Discovery Master shall issue bills on a monthly basis. The parties shall make payment to the Special Discovery Master in full within forty-five days of receipt of the bill.

14. In accordance with Federal Rule of Civil Procedure 53(a)(3), the Court will protect against unreasonable expense by implementing the following procedure:

---

[2] Upon the completion of the review, the Special Discovery Master may recommend that the Court shift all or part of the expenses to one party or the other should the Special Discovery Master conclude that any party, in taking a position on a disputed discovery item, acted in bad faith or otherwise engaged in vexatious litigation.

      a.      Each month the Special Discovery Master will file with the Court and serve on the parties a record of activities and expenses incurred in connection with these matters; and

      b.      The Court will monitor the Special Discovery Master's monthly reports for reasonableness in light of burden and expense to both parties.

15. The Special Discovery Master shall not have ex parte communications with either Plaintiffs, Defendants, or their counsel regarding this litigation or issues pending before the Special Discovery Master.[3]

16. The Special Discovery Master shall exercise all reasonable diligence in performing these duties, and shall take all appropriate measures to perform her assigned duties fairly and efficiently.

17. The Court may modify this Order, in whole or part, on notice to the parties, at any time.

18. The Clerk shall mail a copy of this Order to the Special Discovery Master and to counsel for the parties.

s/Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**

---

[3] This prohibition does not include non-substantive communications, such as scheduling or the submission of materials to the Special Discovery Master to evaluate, for example, claims of privilege. Additionally, the parties may agree in writing, on recommendation by the Special Discovery Master or otherwise, to communicate with the Special Discovery Master on an *ex parte* basis. In those instances, the decision as to whether to engage in such *ex parte* communications is committed to the sound discretion of the Special Discovery Master consistent with Fed. R. Civ. P. 53(c). Nothing herein prohibits *ex parte* communications between the Special Discovery Master and the Court.