**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CELGENE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HETERO LABS LIMITED, HETERO LABS LIMITED UNIT-V, HETERO DRUGS LIMITED, HETERO USA, INC., AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA USA, INC., AUROLIFE PHARMA LLC, EUGIA PHARMA SPECIALTIES LIMITED, APOTEX INC., APOTEX CORP., MYLAN PHARMACEUTICALS, INC., MYLAN INC., MYLAN, N.V., BRECKENRIDGE PHARMACEUTICAL, INC., and TEVA PHARMACEUTICALS USA, INC.<br><br>Defendants. | C.A. No. 17-3387 (ES)(MAH)<br><br>**CONSOLIDATED** |

**<u>DEFENDANTS' SUPPLEMENTAL RESPONSIVE CLAIM CONSTRUCTION BRIEF</u>**

# TABLE OF CONTENTS

TABLE OF ABBREVIATIONS ........................................................................ iv

I. INTRODUCTION ........................................................................ 1

II. DEFENDANTS' SUPPLEMENTAL RESPONSIVE ARGUMENT .................... 2

A. Dr. Macfarlane's Opinions Remain Undisputed........................................ 2

B. Defendants Are Not Arguing that Clinical Data Must Be Included in a Patent Specification ........................................................................ 2

C. Dr. Macfarlane's Testimony Exposes Flaws in Celgene's Construction ... 3

III. CONCLUSION........................................................................ 3

# TABLE OF AUTHORITIES

Cases

*Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*,
616 F.3d 1283 (Fed. Cir. 2010) .......... 3

*Teva Pharm. USA, Inc. v. Sandoz, Inc.*,
789 F.3d 1335 (Fed. Cir. 2015) .......... 3

Statutes

35 U.S.C. § 112, ¶ 2 .......... 3

Rules

L.Pat.R. 3.7(a) .......... 3

**TABLE OF ABBREVIATIONS**

| Abbreviation | Meaning |
|---|---|
| ’262 FH | Prosecution history of the ’262 patent (ECF No. 250, Murray Declaration Exhibit A, filed November 15, 2018) |
| ’262 patent | U.S. Patent No. 8,198,262 B2 (ECF No. 1, Exhibit A, filed May 11, 2017) |
| ’427 FH | Prosecution history of the ’427 patent (ECF No. 250, Murray Declaration Exhibit D, filed November 15, 2018) |
| ’427 patent | U.S. Patent No. 8,828,427 B2 (ECF No. 1, Exhibit D, filed May 11, 2017) |
| ’428 FH | Prosecution history of the ’428 patent (ECF No. 250, Murray Decl. Exhibit C, filed November 15, 2018) |
| ’428 patent | U.S. Patent No. 8,735,428 B2 (ECF No. 1, Exhibit C, filed May 11, 2017) |
| ’467 FH | Prosecution history of the ’467 patent (ECF No. 355, Walsh Decl. Exhibit M, filed May 29, 2019) |
| ’467 patent | U.S. Patent No. 9,993,467 (ECF No. 355, Walsh Decl. Exhibit L, filed May 29, 2019) |
| ’939 FH | Prosecution history of the ’939 patent (ECF No. 1, Exhibit B, filed May 11, 2017) |
| ’939 patent | U.S. Patent No. 8,673,939 B2 (ECF No. 1, Exhibit B, filed May 11, 2017) |
| 9/11/19 Shrestha Decl. | September 11, 2019 Declaration of Roshan P. Shrestha, Ph.D., submitted concurrently herewith |
| AJCCS | Amended Joint Claim Construction and Prehearing Statement (ECF No. 348, filed May 17, 2019) |
| API | Active Pharmaceutical Ingredient |
| Apotex | Defendants Apotex Inc. and Apotex Corp. |
| Apotex’s Suppl. Opening Br. | Apotex, Breckenridge, and Hetero’s Supplemental Opening *Markman* Brief (ECF No. 350, filed May 29, 2019) |
| Aurobindo | Defendants Aurobindo Pharma Limited, Aurobindo Pharma USA, Inc., Aurolife Pharma LLC, and Eugia Pharma Specialties Limited |
| Breckenridge | Defendant Breckenridge Pharmaceutical, Inc. |
| Celgene | Plaintiff Celgene Corporation |

| Abbreviation | Meaning |
|---|---|
| Defendants | Defendants Apotex, Aurobindo, Breckenridge, Hetero, the Mylan Defendants, and Teva |
| Defs.' Opening Br. | Defendants' Opening *Markman* Brief (ECF No. 250, filed Nov. 15, 2018) |
| Dr. Macfarlane | Defendants' expert, Donald E. Macfarlane, M.B., B.S., Ph.D. |
| Formulation Patents | The '427 and '467 patents. |
| Hetero | Defendants Hetero Labs Limited, Hetero Labs Limited Unit-V, Hetero Drugs Limited, and Hetero USA, Inc. |
| JCCS | Joint Claim Construction and Prehearing Statement (ECF No. 211, filed Aug. 29, 2018) |
| Macfarlane Decl. | Declaration of Donald E. Macfarlane, M.B., B.S., Ph.D., submitted concurrently herewith |
| Macfarlane Tr. | Transcript of the August 23, 2019 deposition of Donald E. Macfarlane, M.B., B.S., Ph.D. |
| MM | Multiple myeloma |
| MOT Patents | The '262, '939, and '428 method of treatment patents. |
| Mylan Defendants | Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan N.V. |
| Park Opening Decl. | Declaration of Kinam Park, Ph.D. (ECF No. 250-32, filed Nov. 15, 2018) |
| Park Suppl. Decl. | Supplemental Declaration of Kinam Park, Ph.D. (ECF No. 353, filed May 29, 2019) |
| Park Tr. | Deposition Transcript of Kinam Park, Ph.D. (June 7, 2019) (attached hereto as Exhibit A) |
| Pl.'s Opening Br. | Plaintiff Celgene's Opening *Markman* Brief (ECF No. 251, filed Nov. 15, 2018) |
| Pl.'s Suppl. Opening Br. | Plaintiff Celgene's Supplemental Opening *Markman* Brief (ECF No. 349, filed May 29, 2019) |
| Pl.'s Responsive Br. | Plaintiff Celgene's Responsive *Markman* Brief (ECF No. 384, filed July 15, 2019) |

| Abbreviation | Meaning |
|---|---|
| Mylan Defendants' Suppl. Opening Br. | Mylan Defendants' Supplemental Opening *Markman* Brief (ECF No. 354, filed May 29, 2019) |
| POSA or skilled artisan | Person of Ordinary Skill in the Art |
| Teva | Defendant Teva Pharmaceuticals USA, Inc. |
| Teva and Aurobindo's Suppl. Opening Br. | Teva and Aurobindo's Supplemental Opening *Markman* Brief (ECF No. 351, filed May 29, 2019) |
| The Parties | Plaintiff Celgene and Defendants Apotex, Aurobindo, Breckenridge, Hetero, the Mylan Defendants, and Teva |

Defendants respectfully submit this supplemental responsive claim construction brief to address the deposition of Defendants' expert, Dr. Donald E. Macfarlane.

## I. INTRODUCTION

At his deposition, Dr. Macfarlane confirmed the opinions he set forth in his declaration (ECF No. 386-1) were narrow and limited to two indisputable facts in this case: (1) the specification of the MOT patents contain zero clinical efficacy data for pomalidomide; and (2) clinical data in the prescribing information for Pomalyst® demonstrates pomalidomide does not effectively treat multiple myeloma ("MM") in the vast majority of patients to whom it is administered. Defendants rely on these facts to rebut Plaintiff Celgene's contention that efficacy is a "fundamental or essential feature of the invention" claimed in the MOT patents, which Celgene relies upon to support its argument that the preambles of the asserted claims in the MOT patents are limiting. ECF No. 251, Celgene's Opening Br. at 10.

Rather than questioning Dr. Macfarlane on the simple, straight-forward opinions he offered in his declaration, Celgene's questions focused on matters outside the scope of his declaration.[1] Dr. Macfarlane testified that his only opinions are set forth in his declaration and confirmed that he does not offer any specific opinions regarding how a skilled artisan would understand any claim term in dispute; indeed, he testified that he did not even review the claims of the MOT patents. Macfarlane Tr.100:8-101:9; *id*. at 124:11-20 (A: "I don't have opinions about the claims.").

Defendants herein address those portions of Dr. Macfarlane's deposition testimony relevant to the Parties' arguments concerning the preamble of the asserted MOT patent claims.

---

[1] Many of Celgene's improper questions focused on the merits of the parties' claims and defenses—issues on which Dr. Macfarlane has not opined. *See, e.g.*, 9/11/19 Schrestha Decl. Ex. A, Macfarlane Tr. ("Macfarlane Tr.") 105:11-21 (discussion of whether "*in vitro* studies" support efficacy in the "management" of MM); *see also*, *generally*, ECF No. 386-1, Macfarlane Decl. (no discussion of *in vitro* studies or "management" of MM).

## II. DEFENDANTS' SUPPLEMENTAL RESPONSIVE ARGUMENT

### A. Dr. Macfarlane's Opinions Remain Undisputed

During Dr. Macfarlane's deposition, Celgene never challenged the specific opinions he offered in this case. Celgene never asked Dr. Macfarlane any questions, and never presented him with any evidence, to try to undermine those opinions. Thus, those opinions remain undisputed and Defendants respectfully submit the Court should therefore credit them. The facts established by Dr. Macfarlane's undisputed opinions wholly undermine Celgene's assertion that efficacy is a "fundamental or essential feature of the invention" (ECF No. 251, Celgene's Opening Br. at 10).

Dr. Macfarlane was questioned about whether clinical efficacy can be shown with measurement of M protein levels, known as "SWOG" Criteria. Macfarlane Tr. at 38:12–42:15. Although SWOG Criteria are referred to in Example 6.5.1 of the MOT patents ('262 patent at 33:1–20), there are ***no results*** or ***data*** reflecting measurement of these critieria. Simply put, there is no clinical data in the specification indicating efficacy, and Dr. Macfarlane's opinion on this point remains undisputed.

### B. Defendants Are Not Arguing that Clinical Data Must Be Included in a Patent Specification

Celgene's counsel posed many misguided questions to Dr. Macfarlane, indicating that either Celgene is confused about what the lack of clinical data in the MOT patent specifications means to its position on the preamble, or Celgene is intentionally trying to obfuscate Defendants' clearly supported assertion that efficacy is not a "fundamental or essential feature of the invention." *See, e.g.*, *Id.* at 107:16-109:19. Specifically, Defendants <u>are not</u> contending the MOT patents must be supported by human clinical efficacy data in the specification. However, it is indisputable that brand companies do commonly support their method of treatment patents with clinical efficacy data. Here, Defendants assert only that if efficacy were legitimately a "fundamental and essential

feature of the invention," as Celgene argues for the MOT patents, then Celgene would have drafted its claims to require such efficacy.

**C. Dr. Macfarlane's Testimony Exposes Flaws in Celgene's Construction**

Celgene contends the preamble of the asserted MOT patent claims "limits the claims by requiring efficacy in the MM patients receiving pomalidomide," and that "treating" means "efficaciously treating" or "successfully treating." ECF No. 251, Celgene's Opening Br. at 5, 12. But, as Dr. Macfarlane explained, Celgene's own clinical trial data in the prescribing information demonstrates pomalidomide is ***not*** effectively treating MM in the majority of patients. Macfarlane Tr. At 129:4-130:13. Thus, under Celgene's proposal, pomalidomide is not "efficaciously" or "successfully treating" MM in most patients.

Moreover, as Dr. Macfarlane explained, it is sometimes unclear whether pomalidomide is effective in treating MM in any individual patient (as opposed to patients in a controlled clinical trial).[2] *Id*. at 40:18-42:1. Accordingly, if this Court adopts Celgene's proposal, then the claims would fail to inform, with reasonable certainty, the scope of the alleged invention. *See* 35 U.S.C. § 112, ¶ 2 (pre-AIA); *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1345 (Fed. Cir. 2015).[3]

**III. CONCLUSION**

Defendants respectfully request that the Court find that the preambles of the asserted MOT patent claims are not limiting; or, if they are limiting, that the preambles do not require efficacy.

September 11, 2019 Respectfully submitted,

---

[2] The FDA's efficacy criteria is not necessarily the same criteria to be used to determine if treatment meets the claim limitations. *See, e.g., Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1287 (Fed. Cir. 2010) (affirming construction of "bioequivalent," which did not require "meeting all of the… FDA's bioequivalence guidelines" to show infringement).

[3] If the Court does find the preamble a limition requiring efficacy, Defendants may seek leave to amend their invalidity contentions to include this indefiniteness defense. *See* L.Pat.R. 3.7(a).

/s/ Melissa E. Flax
Melissa E. Flax
Michael Cross
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
973-994-1700
MFlax@carellabyrne.com
Mcross@carellabyrne.com

Andrew M. Alul
Richard T. Ruzich
Stephen R. Auten
Brian P. Murray
Roshan P. Shrestha, Ph.D.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive
Suite 2800
Chicago, IL 60601
312-527-4000
aalul@taftlaw.com
rruzich@taftlaw.com
sauten@taftlaw.com
bmurray@taftlaw.com
rshrestha@taftlaw.com

*Attorneys for Defendants Apotex Inc. and Apotex Corp.*

/s/ Liza M. Walsh
Liza M. Walsh
Christine I. Gannon
Eleonore Ofosu-Antwi
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street
15th Floor
Newark, NJ 07102
Tel.: (973) 757-1100

*Of Counsel:*

Jay P. Lefkowitz
Jeanna M. Wacker
Christopher T. Jagoe
Jeffrey Coleman
Mark C. McLennan
Ashley Cade
KIRKLAND & ELLIS LLP
601 Lexington Avenue New York, NY 10022
Tel.: (212) 446-4800
lefkowitz@kirkland.com
jeanna.wacker@kirkland.com

Kristen P.L. Reichenbach
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel.: (415) 439-1400
kristen.reichenbach@kirkland.com

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

/s/ Gurpreet Singh Walia, M.D.
Gurpreet Singh Walia, M.D.
Gongjun (Gary) Ji (*pro hac vice*)
FisherBroyles, LLP
445 Park Avenue, Ninth Floor
New York, NY 10022
(516) 996-1100
gurpreet.walia@fisherbroyles.com
gary.ji@fisherbroyles.com

Joseph Schramm, III
FisherBroyles, LLP
100 Overlook Center, Second Floor
Princeton, NJ 08540
(856) 733-0220
joseph.schramm@fisherbroyles.com

Gregory D. Miller
Jenna Z. Gabay
RIVKIN RADLER LLP
21 Main Street, Suite 158

Court Plaza South- West Wing
Hackensack, NJ 07601
(201) 287-2460
gregory.miller@rivkin.com

*Attorneys for Defendants Aurobindo Pharma Limited, Aurobindo Pharma USA, Inc., Aurolife Pharma LLC, and Eugia Pharma Specialties Limited*

/s/ Eric I. Abraham
Eric I. Abraham
HILL WALLACK, LLP
21 Roszel Road, P.O. Box 5226
Princeton, NJ 08543-5226
(609) 734-6395
eabraham@hillwallack.com

*Of Counsel*:

Neal Seth
Wesley E. Weeks
WILEY REIN LLP
1776 K Street N.W.
Washington, DC 20006
(202) 719-7000
nseth@wileyrein.com
wweeks@wileyrein.com

*Attorneys for Defendants Hetero Labs Limited, Hetero Labs Limited Unit-V, Hetero Drugs Limited, and Hetero USA, Inc.*

/s/ Robert J. Fettweis
Robert J. Fettweis
Fleming Ruvoldt PLLC
250 Moonachie Road
Moonachie, NJ 07074
(201) 518-7878
rfettweis@flemingruvoldt.com

C. Kyle Musgrove (admitted pro hac vice)
John W. Bateman (admitted pro hac vice)
Yifang Zhao (admitted pro hac vice)

HAYNES AND BOONE, LLP
800 17th Street, Suite 500
Washington, DC 20006-3962
(202) 654-4500
kyle.musgrove@haynesboone.com
john.bateman@haynesboone.com
eva.zhao@haynesboone.com

*Attorneys for Defendant*
*Breckenridge Pharmaceutical, Inc.*

/s/ Arnold B. Calmann
Arnold B. Calmann (ACalmann@saiber.com)
Jakob B. Halpern (JHalpern@saiber.com)
Monvan Hu (MHu@saiber.com)
SAIBER LLC
One Gateway Center, Suite 1000
Newark, New Jersey 07102
Telephone: (973) 622-3333

Tung-On Kong (tkong@wsgr.com)
Kristina Hanson (thanson@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI P.C.
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000

Elham Firouzi Steiner (esteiner@wsgr.com)
Nathan Scharn (nscharn@wsgr.com)
Sarah Siedlak (ssiedlak@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI P.C.
12235 El Camino Real
San Diego, California 92130
Telephone: (858) 350-2300

*Attorneys for Defendants Mylan N.V., Mylan Inc., and Mylan Pharmaceuticals Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on September 11, 2019, a true and accurate copy of DEFENDANTS' SUPPLEMENTAL RESPONSIVE CLAIM CONSTRUCTION BRIEF was served on all counsel of record for Plaintiff via the Court's electronic filing system with a courtesy copy to all counsel of record by email.

Dated: September 11, 2019

CARLLA, BYRNE, CECHI,
OLSTEIN, BRODY & AGNELLO, P.C.

By: _/s/ Melissa E. Flax____________
Melissa E. Flax
Michael Cross