Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Celgene Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CELGENE CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**HETERO LABS LIMITED, et al.,**<br><br>Defendants. | No. 17-3387 (ES) (MAH)<br>(CONSOLIDATED)<br><br>(Filed Electronically)<br><br>**DECLARATION OF SARAH A. SULLIVAN IN SUPPORT OF MOTION TO SEAL** |

I, Sarah A. Sullivan, hereby certify as follows:

1. I am a partner at the law firm of Saul Ewing Arnstein & Lehr LLP, counsel of record for Plaintiff Celgene Corporation ("Celgene") in the above-captioned action. I am a member in good standing of the bar of this Court. I am fully familiar with the facts herein, and I make this Declaration in support of Celgene's Motion to Seal portions of its March 27, 2020 Letter to the Hon. Michael A. Hammer, U.S.M.J. (D.I. 673) (the "Confidential Materials").

2. In support of the Motion to Seal, attached to this Declaration is an index identifying the confidential information that Celgene seeks to seal (the "Confidential Materials") and describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (f) any prior order sealing the same materials in

- 1 -

the pending action; and (g) the identity of any party (or nonparty) known to be objecting to the sealing request.

3. This application involves Celgene's and third party confidential information. Celgene has a legitimate interest in protecting its confidential information because competitors in the marketplace could use this confidential information to gain an unfair advantage in the highly competitive pharmaceutical marketplace. Celgene has a legitimate interest in protecting its experts' sensitive personal information because such experts work with Celgene with an understanding that their personal information will not be publicly disclosed, and Celgene relies on such experts to maintain and further its position in the highly competitive pharmaceutical marketplace.

4. On March 14, 2018, this Court entered a Discovery Confidentiality Order (D.I. 152) that allows the parties to designate certain proprietary business or commercial information as "Highly Confidential Information." The Confidential Materials have been designated as "Highly Confidential Information."

5. The Confidential Materials contain and/or disclose Celgene's and its third party experts' confidential information that have been designated as "Highly Confidential Information" by Celgene in this case. The Confidential Materials include confidential proprietary business information of Celgene and sensitive personal information of third parties that is not available to the public or competitors. Specifically, the Confidential Materials include sensitive proprietary commercial and business information regarding Celgene's internal business decisions and include sensitive third party personal information. Celgene has a legitimate interest in protecting its confidential information because competitors in the marketplace could use this confidential information to gain an unfair advantage in the highly competitive pharmaceutical marketplace. Celgene has a legitimate interest in protecting its experts' sensitive

personal information because such experts work with Celgene with an understanding that their personal information will not be publicly disclosed, and Celgene relies on such experts to maintain and further its position in the highly competitive pharmaceutical marketplace.  There is little, if any, public interest in disclosing Celgene's and its third party experts' sensitive business and personal information.

6. As such, if this request to seal is not granted, Celgene could suffer a clearly defined, substantial, and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed in contravention of the terms of the DCO.  Disclosure of this confidential information will cause irreparable harm to Celgene's business relationships and could cause Celgene to lose its competitive advantage in the highly competitive pharmaceutical marketplace.  Celgene could also be irreparably harmed if its experts' sensitive personal information is disclosed because such experts work with Celgene with an understanding that their personal information will not be publicly disclosed, and Celgene relies on such experts to maintain and further its position in the highly competitive pharmaceutical marketplace.  Accordingly, Celgene has: (i) a legitimate interest in protecting this information from disclosure, which warrants the sealing of this information; and (ii) a clearly defined injury if the Confidential Materials are not sealed.

7. This request is the least restrictive alternative because Celgene seeks to seal only information designated as "Highly Confidential Information" by Celgene.  Celgene requests sealing only information that will reveal its confidential and business interests, including, but not limited to, sensitive proprietary commercial and business information regarding Celgene's internal business decisions and sensitive third party personal information, which is maintained as

confidential and unavailable to the public. Accordingly, Celgene respectfully requests that the Court grant the Joint Motion to Seal.

    I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 11, 2020        By:    s/ Sarah A. Sullivan
                                                  Sarah A. Sullivan

**INDEX IN SUPPORT OF JOINT MOTION TO SEAL**

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| **Celgene's March 27, 2020 Letter to the Hon. Michael A. Hammer, U.S.M.J. (D.I. 673)** | | | | | |
| Page 1<br>• Second paragraph, line 4, after "Wisconsin." until line 7, before "He."<br>• Third paragraph, line 3, after "students." until the end of the page (not including the footnote).<br><br>Page 2<br>• First paragraph in its entirety.<br>• Second paragraph, beginning of line 1 until line 3, before "There are."<br>• Second Paragraph, line 5, after "located." until the end of the paragraph. | These portions contain and/or disclose Celgene's and its third party experts' confidential information that have been designated as "Highly Confidential Information" by Celgene in this case. The Confidential Materials include confidential proprietary business information of Celgene and sensitive personal information of third parties that is not available to the public or competitors. Specifically, the Confidential Materials include sensitive proprietary commercial and business information regarding Celgene's internal business decisions and include sensitive third party personal information. Celgene has a legitimate interest in protecting its confidential information because competitors in the marketplace could use this | If this request to seal is not granted, Celgene could suffer a clearly-defined, substantial, and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information is publicly disclosed in contravention of the terms of the DCO. Disclosure of this confidential information will cause irreparable harm to Celgene's business relationships and could cause Celgene to lose its competitive advantage in the highly competitive | This request is the least restrictive alternative because Celgene seeks to seal only information designated as "Highly Confidential Information" by Celgene. Celgene requests sealing only information that will reveal its confidential and business interests, including, but not limited to, sensitive proprietary commercial and business information regarding Celgene's internal business decisions and sensitive third party expert information, which are maintained as confidential and unavailable to the public.<br>(*See* Sullivan Decl. ¶ 7.) | None. | None. |

1

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | confidential information to gain an unfair advantage in the highly competitive pharmaceutical marketplace.  Celgene has a legitimate interest in protecting its experts' sensitive personal information because such experts work with Celgene with an understanding that their personal information will not be publicly disclosed, and Celgene relies on such experts to maintain and further its position in the highly competitive pharmaceutical marketplace.  There is little, if any, public interest in disclosing Celgene's and its third party experts' sensitive business and personal information.. (*See* Sullivan Decl. ¶ 5.) | pharmaceutical marketplace.  Celgene could also be irreparably harmed if its experts' sensitive personal information is disclosed because such experts work with Celgene with an understanding that their personal information will not be publicly disclosed, and Celgene relies on such experts to maintain and further its position in the highly competitive pharmaceutical marketplace.  (*See* Sullivan Decl. ¶ 6.) | | | |